# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR BUSTAMANTE and CYNTHIA BUSTAMANTE,<br><br>                    Plaintiffs,<br><br>   vs.<br><br>J.P. MORGAN CHASE N.A., as successor in interest to EMC MORTGAGE CORPORATION; NATIONAL DEFAULT SERVICING CORPORATION; WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF CARRINGTON MORTGAGE LOAN TRUST, SERIES 2007-FRE1 ASSET BACKED PASS-THROUGH CERTIFICATES; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO. 13-cv-1123-LAB (DHB)<br><br>**ORDER DISMISSING FAIR DEBT COLLECTION PRACTICES ACT CLAIM; AND**<br><br>**ORDER OF REMAND** |

**I.     Background.**

Plaintiffs Cesar Bustamante and Cynthia Bustamante filed this action in the Superior Court of California for the County of San Diego on August 28, 2012. The Bustamantes initially named as defendants Fremont Investment and Loan, Fremont Credit Corporation, Wells Fargo Bank, N.A., EMC Mortgage Corporation, and 50 unnamed defendants. The Bustamantes amended their complaint on November 21, 2012, naming the current

defendant, J.P. Morgan Chase, N.A. (Chase), which is the successor in interest to some of the originally named Defendants, along with Wells Fargo Bank, N.A. The Bustamantes filed their second amended complaint (SAC) on February 8, 2013, this time adding a claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p.[1] Chase removed the action to federal court under 28 U.S.C. § 1441,[2] and has moved to dismiss for failure to state a claim.

Neither party's pleadings or briefing is as clear or accurate as it might be, but it appears to be clear enough that additional briefing or clarification is unnecessary.

## II. Discussion

### A. Overview of Claims

This dispute arises from a home loan that is now in default.[3] (SAC, Dkt. No. 1-6 at ¶ 14.) EMC Mortgage Corporation originated the loan on December 22, 2006. *Id.* at ¶ 2. Chase is its successor. *Id*. The $420,750 loan was for a property located at 14211 Halper Road, Poway, California 92064 (Poway Property). *Id.* at ¶ 7-8. Mortgage payments began at $1,947.66. *Id.* at ¶ 8. The Bustamantes owned two other properties, from which they collected rental income, *id.* at ¶ 9, though the Poway Property was their home. *Id.* at ¶ 13. Together, the Bustamantes earned about $14,300 per month. *Id.* at ¶ 21. Around the time

---

[1] The Bustamantes' complaint refers to 15 U.S.C. § 1692(d), but it appears they mean 15 U.S.C. § 1692d. The SAC also attributes quotations to the incorrect subsections. For example, it cites § 1692(d)(5), saying that the FDCPA prohibits "false, deceptive, or misleading representations in connection with the collection of any debt." (SAC, Dkt. No. 1-6 at ¶ 74.) The Court assumes the Bustamantes are actually referring to § 1692e, which reads slightly differently: "A debt collector may not use any false, deceptive, or misleading representation *or means* in connection with the collection of any debt." 15 U.S.C. § 1692e (Emphasis added).

[2] Chase's notice of removal states that this action is removed under 28 U.S.C. § 1441(b) (Dkt. No. 1 at ¶ 9), which provides for removal of cases in which the parties are diverse. The parties do not appear to be diverse and the notice of removal does not allege their citizenship. The pleadings allege facts showing the Bustamantes are California citizens because they live and work in California. Wells Fargo is also a California citizen. *See Ellis v. Wells Fargo Bank, N.A.*, 2014 WL 585627 (S.D.Cal., Feb. 14, 2014) (finding that Wells Fargo was a California citizen for purposes of diversity jurisdiction). But the action is properly removed under § 1441(a). The Court has original jurisdiction over the complaint as amended because it presents a federal question, satisfying 28 U.S.C. § 1331.

[3] The facts recited herein are taken from the SAC, and are taken as true for the purpose of Chase's Motion to Dismiss.

when the Bustamantes took out the home loan, Cesar Bustamante's mother became sick, and required treatment in the Philippines.[4]  *Id.* at ¶ 10.  The Bustamantes paid about $2,000 to $3,000 per month for the treatment, *id.* at ¶ 22, and eventually began missing mortgage payments.  *Id.* at ¶ 10–11.  The cost of medical care for the mother combined with at least three mortgage payments prompted the Bustamantes to tap into their savings. *Id.* at ¶ 12.  The Bustamantes were also paying between $4,000 and $4,900 per month to maintain a different property that was not generating income.[5]  *Id.* at ¶ 23.  In February 2012, the Bustamantes' mortgage payments on the Poway Property increased to $2,921.46.  *Id.* at ¶ 15.  That same month, the Bustamantes attempted to get a loan modification.  *Id.* at ¶ 16.  Because they found the paperwork confusing, they did not list certain expenses, which they believe led to denial of the loan modification.  *Id.* at ¶ 17–18.  The Bustamantes again applied for a loan modification in April 2012 and were denied.  *Id.* at ¶ 19–20.  Meanwhile, they were being saddled with fees, arrears, and growing interest.  *Id.* at ¶ 20.  Sometime later in 2012, Cesar Bustamante's sister had triple bypass surgery, which the Bustamantes helped pay for.[6]  *Id.* at ¶ 27.  Amid this financial stress, exacerbated by frequent phone calls from Chase, Cesar Bustamante began having panic attacks, memory loss, palpitations, body shakes, and bouts of hyperventilation, and had difficulty concentrating.  *Id.* at ¶ 26.

A notice of sale on the Poway Property was recorded on June 29, 2012.  Around the same time, the Bustamantes were "bombarded with calls and notices from Chase and EMC." *Id.* at ¶ 30.  Cesar Bustamante received some of these calls at work, and was nearly disciplined by his employer.  *Id.* at ¶ 30.  The Poway Property was put up for sale on December 31, 2012.  *Id.* at ¶ 31.  In early 2013, Cesar Bustamante's panic attacks and health problems grew to the point that he left his employment on disability and sought medical and psychiatric care, and now requires prescription drugs.  *Id.* at ¶ 32.

/ / /

---

[4] The SAC does not specify when Cesar Bustamante's mother was diagnosed.

[5] It appears the Bustamantes owned at least four properties.

[6] The SAC does not specify how much the Bustamantes paid for this procedure.

The Bustamantes are bringing three claims, for: (1) negligence; (2) violations of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (3) violations of the FDCPA. The Court has original jurisdiction over the FDCPA claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law negligence and UCL claims under 28 U.S.C. § 1367, because the state law claims arise from the same nucleus of operative facts as the FDCPA claim. *See Bahrampour v. R.O. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004).

### B.   Legal Standards

A 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8 governs the pleading standards for a complaint, and requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Requiring only a short and plain statement does not mean that a complaint may be bereft of specific facts; rather, it must contain enough detail to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). For the purpose of a motion to dismiss, facts pled in a complaint are taken as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, conclusions, labels, or "'naked assertion[s] devoid of 'further factual enhancement'" are not taken as true. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Similarly, merely reciting the elements of a claim is not enough to avoid dismissal, because the court does not accept the truth of "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal* at 663; *Twombly* at 555. Altogether, a complaint must include facts that, taken as true, plausibly entitle a party to relief. *Iqbal* at 663; *Twombly* at 570. Plausibility means that it is not merely possible that the facts alleged in the complaint amount to a claim for which relief can be granted, but that, based on the reviewing court's experience and common sense, the pleaded facts cross the line from a possible violation of the law to a plausible one. *Iqbal*, 556 U.S. 663–64.

In their Opposition, (Dkt. No. 5 at 6), the Bustamantes cite the standard for dismissal iterated in *Conley v. Gibson*, that a complaint should only be dismissed if "it appears beyond

doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). But *Twombly* makes clear that this standard no longer governs. 550 U.S. at 563.

Because jurisdiction over the state law claims is predicated on the FDCPA claim, the Court will consider that claim first. Under 28 U.S.C. § 1367(c), if the one federal claim is dismissed, the Court has discretion to remand state claims. And in fact, federal courts are ordinarily expected to decline to exercise supplemental jurisdiction over state law claims under these circumstances. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–27 (1966); *Notrica v. Bd. of Supervisors*, 925 F.2d 1211, 1213–14 (9th Cir.1991).

### C. Judicial Notice

As part of their Motion to Dismiss, Defendants ask the Court to take judicial notice of several documents, among which are the deed of trust in favor of Fremont Investment and Loan, and the assignment of the deed of trust to Wells Fargo. The SAC relies on these documents to show why Wells Fargo, the beneficiary under the deed of trust, is liable. The Bustamantes do not contest the documents' authenticity, and, as discussed below, they are relevant. The deed and assignment are therefore subject to judicial notice under Fed. R. Evid. 201(c)(2), and the request for notice of these documents is **GRANTED**. The Court may therefore consider the deed of trust and assignment when ruling on the motion to dismiss, without converting it to a motion for summary judgment. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012).

### D. Merits

The SAC identifies the FDCPA claim as being brought against all Defendants, but the claim in fact arises from efforts by Chase and its predecessor EMC to collect the debt by calling Cesar Bustamante on the phone. The SAC also alleges, without specifying which Defendant did it, that a notice of sale was recorded for the property, although the allegations seem to imply it was Chase. Although the remaining Defendant, National Default Servicing Corporation, has not appeared in this action, no allegations connect it with the FDCPA claim.

/ / /

As a threshold matter, to state a claim under the FDCPA, a plaintiff must plead facts showing that a defendant is a "debt collector" within the scope of the FDCPA. *Izenberg v. ETS Servs., LLC,* 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008); *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) aff'd sub nom. *Scott v. Wells Fargo & Co.*, 67 F. App'x 238 (4th Cir. 2003); *see also Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). The Bustamantes will not be able to make this showing because mortgagees and mortgage servicing companies are not debt collectors within the meaning of the FDCPA, and are statutorily excluded from liability under that act. *Anbar v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 5937274, slip op. at *2 (S.D.Cal., Nov. 4, 2013); *Scott*, 326 F. Supp. 2d at 718. With regard to the posting of a notice of sale, or other actions that are part of the foreclosure process, "foreclosing on a property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA." *Anbar* at *2 (quoting *Izenberg,* 589 F. Supp. 2d at 1199).

The SAC alleges generally that Chase and EMC were acting as Wells Fargo's agents (SAC, ¶¶ 35–37), and the Motion to Dismiss does not address the issue of whether the FDCPA claim might be valid against Wells Fargo. But even accepting this conclusory allegation as true, the SAC makes clear that Wells Fargo was the beneficiary under the deed of trust (*id*., ¶ 35), and thus not a debt collector. *See Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1053 (C.D.Cal., 2012) (holding that mortgage loan beneficiaries are not debt collectors under the FDCPA).[7]

Even if Chase were a debt collector within the meaning of the FDCPA, the Bustamantes still do not state a plausible claim for relief under any federal law. The Bustamantes allege that Chase was calling Cesar Bustamante at work "relentlessly," which had negative consequences for him. (SAC, Dkt. No. 1-6 at ¶ 80.) Assuming, *arguendo*, that was enough to show that Chase violated a portion of § 1692d(5) by "by causing a telephone

---

[7] There is an exception to this rule for beneficiaries or assignees who obtain their interest after the debt is in default, but the SAC's allegations together with the assignment to Wells Fargo make clear this was not the case here. *See Skelley v. Bank of America, N.A.*, 2012 WL 6608719, at *3 (S.D.Cal., Dec. 17, 2012) ("By Plaintiffs' own argument, Bank of America acquired the debt obligation before the Notice of default was filed. Plaintiffs have not plausibly alleged that Defendants are debt collectors.")

to ring . . . repeatedly or continuously," the Bustamantes still do not plead any facts to satisfy the next portion of the provision: ". . . with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Nothing in the SAC suggests that Chase had any malicious intent. The SAC says that Chase called Cesar Bustamante at work, but it is not clear whether they called him on his work line or his cell phone, in which case Chase may have been oblivious to whether he was at work. In any event, the purpose of the FDCPA is to prevent "abusive debt collection practices by debt collectors," not to prevent debt collection altogether. 15 U.S.C. § 1692(e). The closest the Bustamantes come to pleading facts that would make the phone calls abusive is through characterizations of the communications, such as "bombarded with calls and notices" and saying that Chase called "relentlessly." That, of course, is not enough; if repeated calling were necessarily abusive or harassing, the limiting phrase "with intent to annoy, abuse, or harass" would be nugatory. There are other deficiencies as well, but detailing them all would be pointless; it is clear enough that the claim must be dismissed.

When faced with these and other arguments in the Motion to Dismiss, the Bustamantes merely reiterated the factual allegations in the complaint instead of addressing the adverse case law or explaining how the facts show a plausible claim for relief. They have pointed to no authority suggesting that a mortgagee such as Chase is a debt collector within the meaning of the FDCPA. Thus, even if the Bustamantes could cure some of the factual deficiencies in the complaint, they would not be able to make the threshold showing that either Chase or Wells Fargo is a debt collector as defined by the FDCPA.

### III. Conclusion and Order

The Court's jurisdiction in this case is predicated on the existence of a claim arising under federal law. Because the Bustamantes cannot get past the threshold obstacle of showing that Chase or Wells Fargo is the sort of party that may be sued under the FDCPA, there exists no federal claim from which the state claims my derive supplemental jurisdiction. *See* 28 U.S.C. § 1367. This is not the complaint's only defect, but unlike the other defects, it cannot be remedied by amendment.

The Bustamantes' FDCPA claim is, therefore, **DISMISSED WITH PREJUDICE***.* Pursuant to § 1367(c), the Court declines to exercise supplemental jurisdiction over the Bustamantes' negligence and UCL claims, and these are **REMANDED** to the Superior Court of California for the County of San Diego. All dates are **VACATED** and all other pending motions and requests are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: March 4, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge